IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSEMARY MACKIN,

    Plaintiff,

v.

JACKSON COUNTY, ILLINOIS,
RON BOHM, EARL JACQUOT,
CHRIS LIGGETT, UNKNOWN OFFICIALS,
JERRY KRIED, MARY CHAMP,
TOM CHAMP and JOHN DOE,

    Defendants.                        Case No. 07-cv-494-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Plaintiff, Rosemary Mackin, filed this § 1983 civil rights suit against Defendants for events surrounding what she alleges as her "false arrest" by the Jackson County, Illinois Sheriff's Office (Doc. 2). Defendants Mary Champ and Tom Champ, who are not Jackson County officials but sued as private individuals in this matter, have filed a Motion to Dismiss (Doc. 12), pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff has filed her opposing Response (Doc. 23). For the reasons stated herein, due to federal notice pleading standards, the Motion is denied.

## II. DISCUSSION

### A. Legal Standard

When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986))**.

The Seventh Circuit has read the ***Bell Atlantic*** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted)**.

**B.     Analysis**

In their Motion, defendants Mary and Tom Champ ("Defendants") seek to dismiss Counts 13, 14 and 15 of Plaintiff's Complaint (Doc. 2).  The Complaint itself only labels the Counts in their numerical order, it does not also include a title for each count to identify the specific claim alleged.  However, upon review, it appears that Count 13 pleads a claim against Mary Champ for supplying false information to a police officer, thereby procuring or instigating a false arrest (Doc. 2, ¶¶ 125-130).  Count 14, also against Mary Champ, appears to plead a claim of conspiracy to procure or instigate this false arrest (*Id*. at ¶¶ 131-138).  Count 15 is the same conspiracy claim, except it is made against Tom Champ (*Id*. at ¶¶ 139-144).

Defendants assert that Plaintiff has not properly alleged the requisite elements to plead a claim of "false arrest" against a private defendant or a claim of conspiracy to procure a false arrest.  Plaintiff appears to bring these Illinois common law claims against Defendants by invoking supplemental jurisdiction of this Court under **28 U.S.C. § 1367** (Doc. 2, ¶ 2).  Thus, under Illinois law, to state a claim for false arrest against a private defendant, a plaintiff must plead that the private defendant either directed an officer to arrest the plaintiff or procured the arrest by supplying false information that was the sole basis of the arrest.  ***Odorizzi v. A.O. Smith Corp.*, 452 F.2d 229, 231 (7th Cir.1971);** *see also Randall v. Lemke*,

**726 N.E.2d 183, 186 (Ill. App. Ct. 2000)**.

Essentially, Defendants argue that Plaintiff's claims against them must fail because she does not allege that Defendants either directed the police to arrest her or that Defendants procured the arrest by giving information that was the sole basis for her arrest (Doc. 12, ¶ 7). This argument would be well-taken if this suit had been filed in state court, as Illinois is a fact pleading state. However, Plaintiff has filed her suit in federal court, where the requisite pleading standard is notice-based. **FED. R. CIV. P. 8**; *see also Christensen v. County of Boone, IL*, **483 F.3d 454, 466 (7th Cir. 2007)([W]hen federal courts entertain claims under state law-whether under the diversity jurisdiction of 28 U.S.C. § 1332 or, as here, the supplemental jurisdiction of 28 U.S.C. § 1367-it is not necessary to plead facts matching elements of legal theories")(citations omitted)**.

As previously discussed, **Bell Atlantic** merely requires Plaintiff's allegations sufficiently describe her claims in detail, demonstrating that her right to the relief sought is more than merely speculative. In her Response,[1] Plaintiff basically argues that she has met the notice pleading standards in that she alleged that Defendants knew the property was not being burglarized but made a false police report with the intention of having Plaintiff arrested (Doc. 23, ¶ 3), Further, Plaintiff believes her allegations give the reasonable inference that without Defendants' alleged

---

[1] As a side note, the Court asks that in future briefings, when citing a case, Plaintiff should provide the numerical citation (including pinpoint page, if applicable) in addition to the case name.

false report, police officers would not have been dispatched to the property to arrest her (*Id*. at ¶ 6).

While Plaintiff does not explicitly state, in Counts 13, 14 and 15, that Defendants "directed the police to arrest" her or that their false information "was the sole basis for the arrest," the factual allegations give enough to infer as much. For example, Plaintiff alleges that even though Defendants knew she owned the property in question and had a right to be on that property, they made a false burglary report to the police with the intention of having Plaintiff arrested. In the Court's opinion, this sufficiently alleges that Defendants acted to procure or initiate Plaintiff's false arrest by supplying false information to a police officer. Regarding whether Defendants' alleged false information was the "sole" basis for Plaintiff's arrest, the Court finds that from the face of the Complaint, the allegations rise above a mere "speculative level" in this regard. In other words, Plaintiff has not effectively plead herself out of this claim by alleging other probable cause for her arrest. This does not mean such probable cause did not exist, but a Rule 12(b)(6) motion is not the appropriate medium for these types of arguments, as evidence outside of the pleadings is required. In sum, the Court finds Defendants' Motion unavailing.

### III. CONCLUSION

The Court finds Plaintiff has met her burden under Rule 8 to plead a claim upon which relief can be granted in Counts 13, 14 and 15. Accordingly, defendant Mary Champ and Tom Champ's Motion to Dismiss (Doc. 12) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 16th day of May, 2008.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**